NO. 07-07-0042-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 24, 2008

______________________________


IN THE INTEREST OF J.O.A., T.J.A.M., T.J.M., AND C.T.M., CHILDREN,

_________________________________

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 7019; HONORABLE PHIL VANDERPOOL, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          The Texas Department of Protective and Family Regulatory Services filed suit
seeking, among other relief, termination of the parental rights of Trena and Timothy.


 After
their parental rights were terminated by the trial court, Trena and Timothy prosecuted their
appeal to this Court. By opinion dated February 25, 2008, this Court affirmed that portion
of the trial court’s order terminating the parental rights, if any, of any alleged or unknown
father as to J.O.A.; affirmed that portion of the order appointing the maternal grandmother
as J.O.A.’s managing conservator; affirmed that portion of the order appointing the
maternal grandmother as T.J.A.M.’s managing conservator; affirmed that portion of the
order terminating the parental rights of Trena to the twins, T.J.M. and C.T.M.; and reversed
that portion of the trial court’s order terminating the parental rights of Timothy to the twins,
T.J.M. and C.T.M., and remanded the cause to the trial court for further proceedings. 
Motions for rehearing filed by Trena and the Guardian Ad Litem were overruled on April 3,
2008. 
          Pending before this Court is a Motion to Withdraw filed by Luke Inman, attorney of
record for Trena and Timothy, in which he represents that good cause exists for his
withdrawal for two reasons: (1) he was recently appointed to serve as the 100th Judicial
District Attorney and (2) an inherent conflict of interest has arisen because he represented
both Appellants and Timothy prevailed on appeal.
          The trial court has the authority under § 107.013(a)(1) of the Texas Family Code to
appoint counsel for indigent parents in termination suits filed by a governmental entity.
Pursuant to § 107.013(b), Inman was appointed by the trial court to represent both Trena
and Timothy in defending the suit initiated by the Department. As such, the trial court has
the responsibility to relieve or replace counsel. 
          Therefore, we now abate the Motion to Withdraw to the trial court and remand the
matter for further proceedings. Upon remand, the trial court shall utilize whatever means
necessary to determine the following:
(1) whether to grant Inman’s motion to withdraw, and if so
(2) direct Inman to immediately notify the parties, in writing, of any known
deadlines or settings that were not previously disclosed to them. 
The trial court shall also grant such other relief as justice may require or to which the
parties may be entitled. The trial court shall execute any necessary orders and cause its
orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court
on or before May 26, 2008. 
          It is so ordered.
Per Curiam